WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-05-01234-01-PCT-GMS |
| Plaintiff, | |
| v. | **ORDER OF DETENTION AND FINDINGS** |
| Raphael Begay, | |
| Defendant. | |

A detention hearing and a preliminary revocation hearing on the Petition on Supervised Release were held on June 5, 2019.

The Court finds probable cause regarding each of the five allegations within the Petition. The Court has considered the information contained within the Petition, the revocation packet (to include the Phoenix Police Department Reports contained at doc. 57 at 15 to 24), and the telephonic testimony of Senior United States Probation Officer Carlos Valentin. The Court finds that "the interest of justice does not require the [Phoenix Police Officer who arrested Defendant on February 19, 2019] to appear" for the preliminary revocation hearing. *See* Fed. R. Crim. P. 32.1(b)(1)(B)(iii). The Court considers Defendant's interest in the constitutionally guaranteed right to confrontation against the government's good cause for denying it. Here, the Court finds that the balancing of these factors permits the introduction of the information in the police report regarding Allegations A and C for several reasons. Defendant would be detained and held pending a revocation hearing on Grounds B, D, and E regardless of whether the Court found probable cause on Grounds A and C. The information before the Court is sufficiently documented and clear to satisfy the Court of the preliminary facts of Allegations A and C. Requiring

the witness to appear for the preliminary revocation hearing would cause some burden on the witness, even if minimal. And, the Court will require the police officer to appear and testify at a revocation hearing if the government proceeds on Allegations A and C, which will ensure Defendant's right to confrontation prior to any potential revocation.

The Court considered the information provided to the Court, and the arguments of counsel in determining whether Defendant should be released on conditions set by the Court. The Court finds that the Defendant has failed to sustain his burden of proof by clear and convincing evidence pursuant to Rule 32.1(a)(6), FED.R.CRIM.P., that he is neither a serious flight risk nor a danger to the community. *United States v. Loya*, 23 F.3d 1529 (9th Cir. 1994).

IT IS ORDERED the government has sustained its burden of proof regarding Allegations A-E at the preliminary revocation hearing.

IT IS ORDERED that the Defendant shall be detained pending further order of the court.

Dated this 5th day of June, 2019.

Honorable John Z. Boyle
United States Magistrate Judge